UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT,<br><br>         Plaintiff,<br><br>  - against -<br><br>INTERACTIVE ONE, LLC<br><br>         Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Angel Chevrestt ("Chevrestt" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Interactive One, LLC ("Interactive" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Chantelle Diabate, a Bronx nurse, owned and registered by Chevrestt, a New York based photojournalist. Accordingly, Chevrestt seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Chevrestt is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 74 Forest Road, Dumont, New Jersey, 07628. Chevrestt's photographs have appeared in many publications around the United States.

6.     Upon information and belief, Interactive One, LLC is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 850 Third Avenue, 3rd fl., New York, New York, 10022. At all times material hereto, Interactive has owned and operated a website at the URL: http://wzakcleveland.hellobeautiful.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     On or about January 24, 2016, Chevrestt photographed Chantell Diabate (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Chevrestt then licensed the Photograph to The New York Post. On January 24, 2016 ran an article that featured the Photograph on its web edition entitled, *"I had to come back": Nurse Braves Blizzard for Patients.* See *(http://nypost.com/2016/01/24/i-had-to-come-back-nurse-braves-blizzard-for-patients/)*. Chevrestt's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the web edition of the article is attached hereto as Exhibit B.

9. Chevrestt is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 1-998-042, effective April 1, 2016.

B. **Defendant's Infringing Activities**

11. Upon information and belief, on or about February 9, 2016, Interactive ran an article on the Website entitled *"Snow Angel" Nurse Braves Snow Storm to be with Patients*. See (http://wzakcleveland.hellobeautiful.com/3686009/snow-angel-nurse-braved-snow-storm-to-be-with-patients/). The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Interactive did not license the Photograph from Plaintiff for its article, nor did Interactive have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Interactive removed Chevrestt's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST INTERACTIVE)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Interactive infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Interactive is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16.   The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17.   Upon information and belief, the foregoing acts of infringement by Interactive have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.   As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20.   Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21.   Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST INTERACTIVE
### (17 U.S.C. § 1202)

22.   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23.   When the Photograph was published in an article in The New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

24.     Upon information and belief, in its article on the Website, Interactive intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25.     The conduct of Interactive violates 17 U.S.C. § 1202(b).

26.     Upon information and belief, Interactive falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Interactive intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Interactive also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28.     As a result of the wrongful conduct of Interactive as alleged herein, Plaintiff is entitled to recover from Interactive the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Interactive because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29.     Alternatively, Plaintiff may elect to recover from Interactive statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Interactive be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Interactive be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 13, 2016

    LIEBOWITZ LAW FIRM, PLLC

    By: /s/ Richard Liebowitz
        Richard P. Liebowitz
    11 Sunrise Plaza, Suite 301
    Valley Stream, NY 11580
    Tel: (516) 233-1660
    RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Angel Chevrestt*